UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WHITE,

      Movant,

                                           File No. 1:06-CV-815

v.

                                         HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O P I N I O N

This matter comes before the Court on Movant Michael White's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on December 16, 2004.

### I.

On September 16, 2004, Movant entered a plea of guilty in this Court to one count of brandishing a firearm in course of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). As part of the plea agreement, the Government agreed to dismiss Counts one and three of the indictment charging armed bank robbery, 18 U.S.C. § 924(c)(1)(A)(ii), and felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Movant was sentenced to 288 months in prison and a $1,000 fine on December 16, 2004, and judgment was entered on December 17, 2004. In anticipation of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and in accordance with the recommendation

of the Sixth Circuit in *United States v. Koch*,  193 F. App'x 391 (6th Cir. 2004), this Court

included in its judgment an alternative sentence of 240 months that it would impose "should

the sentence guidelines be deemed unconstitutional."  *See United States v. White*, No. 1:04-

cr-158, Judgment, Docket #22 at 2 (December 17, 2004.)

        Movant did not appeal his sentence within the ten days provided in FED. R. APP. P.

4(b)(1)(A).  By way of a letter received by the Court on July 15, 2005, Movant advised the

Court that he had just discovered that his attorney, Larry Woods, had not filed an appeal of

the sentence, as Movant had expressly requested.  White asked the Court to grant an

extension of time to file a direct appeal, and, by order issued August 2, 2005, the Court

granted an extension of time until August 26, 2005.  Movant filed his appeal within the

requisite period.  Nearly a year later, on August 7, 2006, the Sixth Circuit summarily

dismissed the appeal as untimely, holding that this Court lacked the authority to extend the

time for filing an appeal beyond February 3, 2005, as provided in FED. R. APP. P. 4(b)(4)

(permitting extension of time for filing an appeal for not more than 30 days from the

expiration of the original appeal period).  Movant filed the instant § 2255 motion three

months later, on or about November 6, 2006.

        In the first ground of his § 2255 motion, Movant contends that his attorney was

ineffective for failing to file an appeal as requested by his client.  Movant argues that, had

his attorney filed the requested appeal, he would have been entitled to receive the alternative

sentence under *United States v. Booker*, 543 U.S. 220 (2005), which was decided a month

after he was sentenced.  In his second ground for relief, Movant asserts that his attorney improperly advised him prior to entry of his guilty plea that the Guidelines range for his offense conduct and his criminal history category of VI was 188 to 235 months.  Movant alleges that his attorney was ineffective for failing to consider the application of the career offender provisions, under which his sentencing range was 262-327 months.  He asserts that he would not have pleaded guilty had he been properly advised.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  A petitioner is procedurally barred from raising claims in a § 2255 motion, even

those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal because the record may be inadequate to permit review. *See Massaro*, 538 U.S. at 504-05; *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance
> . . . . Rather, the hearing conducted by the court, if any, must be tailored to the
> specific needs of the case, with due regard for the origin and complexity of the

issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  An evidentiary hearing was held in this matter on July 26, 2007.

### III.

The Government argues that the motion is time-barred.  In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255 ¶ 6(1); *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).  The judgment was entered in this case on December 17, 2004. The judgment became final on January 3, 2005, upon the expiration of the ten-day period for filing a notice of appeal.[1]  Movant had one year, until January 4, 2006, in which to file a motion under § 2255.  The instant motion was filed on or about November 6, 2006, nearly 11 months after the statute of limitations expired.  Accordingly, under 28 U.S.C § 2255, ¶ 6(1), Movant's action appears to be time-barred.

---

[1]Because January 1, 2005 fell on a Saturday, the Court was closed for New Year's Day on Friday, December 31, 2004, which would have been the tenth day of the period for filing an appeal.  As a consequence, the appeal period did not run until the following Monday, January 3, 2005.

Movant suggests that his statute of limitations did not begin to run until he discovered that his attorney had failed to file a direct appeal. *See* 28 U.S.C § 2255 ¶ 6(4) (providing that the statute of limitations may begin to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). Even assuming the limitations period accrued at the time of discovery, it is apparent from the record that Movant was aware that no appeal had been filed, at the latest, by the date on which he filed his letter in this Court seeking an extension of time to file his notice of appeal, or July 15, 2005. His limitations period therefore would have expired one year later, several months before he filed his § 2255 motion.

The one-year limitations period is not jurisdictional, however, and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A habeas petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. In *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Ordinarily, an attorney's mistakes and lack of due diligence in preserving a claimant's rights generally do not warrant equitable tolling of the statute of limitations. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("the principles of equitable tolling to not extend to 'garden variety' claims of excusable neglect on the part of a litigant's attorney"); *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (attorney failure to file allegedly requested appeal cannot support equitable tolling). *See also Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Elliot v. DeWitt*, 10 F. App'x 311 (6th Cir. 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases); *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). However, "where the law is unclear, constitutional review should not be forfeited unless there has been a lack of good faith diligence on the part of the petitioner [himself]." *Griffin*, 399 F.3d at 637.

Here, if Movant's allegations are true, he expressly directed his attorney to file an appeal. Where an attorney fails to initiate an appeal when specifically instructed to do so, he acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). In contrast, a defendant who has instructed his attorney not to file an appeal cannot later complain that his counsel performed ineffectively. *Flores-Ortega* at 477. Where the defendant has not clearly

conveyed his wishes one way or the other, a court must first consider whether counsel consulted with the defendant about an appeal, advising the defendant of the advantages and disadvantages of doing so, and making a reasonable effort to determine the defendant's wishes. *Id.* at 478; *see also Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003). If counsel did consult, his performance is constitutionally deficient only if counsel failed to appeal as expressly instructed by a defendant. *Regalado*, 334 F.3d at 524. If counsel failed to consult, that lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If counsel deficiently failed to consult, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Where an attorney has failed to file an appeal as directed, "'[n]o specific showing of prejudice [is] required," because 'the adversary process itself [is] presumptively unreliable.'" *Flores-Ortega*, 528 U.S. at 483 (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)).

According to Movant, he discovered that counsel had failed to file an appeal shortly before he wrote this Court on July 15, 2005. At that time, Movant asked the Court to grant an extension of time to file an appeal. The Court granted the extension of time and directed Movant to make that filing. By filing his appeal and waiting until after appellate dismissal to file a habeas motion, Movant argues that he behaved in a manner that was both diligent

and eminently reasonable.  When a defendant has an appeal of his judgment of conviction pending in the Sixth Circuit, this Court ordinarily will not consider a 28 U.S.C. § 2255, absent exceptional circumstances.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998).  As a consequence, any § 2255 motion filed before resolution of the appeal arguably would have been dismissed as premature.  Movant acted within three months of the disposition of the appeal to file his § 2255 motion.  Taken together, Movant contends he has acted diligently to exercise his rights and should be entitled to equitable tolling.

The Court, however, need not affirmatively decide whether the circumstances of the delayed appeal warrant equitable tolling of the statute of limitations because it is not persuaded that Movant expressly directed his attorney to file an appeal.  At the evidentiary hearing, the Court heard the testimony of both Movant White and defense counsel. According to Movant's testimony at the hearing, Movant raised the issue of an appeal with defense counsel before the day of the sentencing, but counsel advised him that he could see no grounds for appeal.  (Evid. Hrg. Tr. at 6.)  Movant also testified that he brought to his attorney's attention on more than one occasion the case of *Blakely v. Washington*, 542 U.S. 296 (2004), and the pending case of *Booker*.  (Evid. Hrg. Tr. at 7, 27-28.)  He testified that counsel advised him that the cases did not apply.  (Evid. Hrg. Tr. at 7.)  Movant testified that his attorney discussed the likelihood Movant would be given an alternative sentence, though Movant testified he did not understand what such a sentence would mean.  (Evid. Hrg. Tr.

-9-

at 8, 10.)  Movant claimed that he told his attorney to file an appeal three times before leaving the courtroom after sentencing.  (Evid. Hrg. Tr. at 10.)

According to Movant, after being moved to his present prison facility in May 2005, he twice contacted his attorney's office to ask about the status of his appeal.  (Evid. Hrg. Tr. at 12.)  He has supplied telephone records indicating that calls were made, though the substance of the calls is unsubstantiated.  On the first occasion, Movant claims he spoke with the secretary, who told him she believed the appeal had been filed.  (Evid. Hrg. Tr. at 12.) The second time he called, Movant spoke with Woods, who told him that he was in the middle of something and asked Movant to call him back.  (Evid. Hrg. Tr. at 13.)  Movant tried on several occasions to call, but he never again spoke with Woods.  (Evid. Hrg. Tr. at 14.)

Defense counsel Larry Woods testified that he entered into plea bargaining with the Government after discussion with Defendant of the strong evidence against him.  (Evid. Hrg. Tr. at 37.)  Woods evaluated the potential implications of the Sentencing Guidelines and advised Movant of the potential sentence.  According to the written notes he kept of their discussions, Woods advised Movant that he likely was facing a sentencing range of 262-327 months, the actual range that was recommended in the presentence report and applied by the Court.  (Evid. Hrg. Tr. 38-40, 43.)

Woods also acknowledged that he discussed with Movant the uncertain state of the federal sentencing law at the time of the sentencing.  (Evid. Hrg. Tr. at 44.)  In this context,

-10-

Woods told Movant that an alternative sentence would be imposed.  (Evid. Hrg. Tr. at 44.) Woods did not recall discussing the *Blakely* case with Movant, but he could not state with certainty that the discussion never happened.  (Evid. Hrg. Tr. at 44.)  Woods was familiar with the case of *United States v. Koch*, which upheld the constitutionality of the United States Sentencing Guidelines after *Blakely*, *see* 383 F.3d 436, 442 (6th Cir. 2004), and advised district courts to impose alternative sentences during the pendency of the *Booker* decision, *see* 193 F. App'x 391 (6th Cir. 2004).  (Evid. Hrg. Tr. at 44-45.)  While Woods did not remember with certainty whether he met with Movant before or after sentencing, as a matter of practice, he always met with his clients at one or the other time.  (Evid. Hrg. Tr. at 58.) Because the sign-in logs do not reflect that he met with his client before sentencing, he believes he met with Movant after sentencing.  (Evid. Hrg. Tr. at 58.)  Woods also testified that his client never instructed him to file an appeal.  (Evid. Hrg. Tr. at 45-46.)  Woods expressly testified that his uniform practice was to sign and return the appeal forms before leaving the courthouse, if his client expressed a wish to appeal.  (Evid. Hrg. Tr. at 36,  55, 57.)  Had Movant requested he file an appeal, Woods testified he would have filed the appeal papers immediately after the sentencing.  (Evid.Hrg. Tr. at 45-46, 55, 57.)  Woods further testified that he did not believe at the time of Movant's sentence that Movant had a good basis for appeal.  (Evid. Hrg. Tr. at 46.)

Having carefully considered the demeanor and consistency of the witnesses, the Court concludes that Movant is not credible in his claim that he told Woods to file an appeal.  The

Court bases its conclusion in part on circumstances suggesting the Movant lied about his second ground for habeas relief. In the second ground for relief set forth in his § 2255 motion, Movant contended that Woods had been ineffective in advising him to plead guilty and describing the likely consequences of a guilty plea. Specifically, he declared that Woods had erroneously informed him that, with a grant of three points for acceptance of responsibility, he would be eligible for sentencing at Offense Level 31 and Criminal History Category VI, for a sentence range of 188 to 235 months. Instead, by pleading guilty to the firearm offense, Movant was subject to sentencing as a career offender and a Guidelines range of 262-327 months. Movant claimed that his attorney had committed ineffective assistance of counsel in advising him and declared, under penalty of perjury, that he would not have pleaded guilty had he been aware of the true sentencing level.

At the evidentiary hearing, Movant abandoned his claim that his attorney was ineffective for suggesting he plead guilty to the offense of brandishing a firearm rather than obtaining a plea bargain for pleading guilty to the bank robbery instead. Despite originally claiming that his attorney admitted error in failing to obtain a different plea agreement and mis-advising Movant about the sentencing consequences, he now admits that counsel did not withhold a plea offer on the bank robbery plea. (Evid. Hrg. Tr. at 31.) He also admitted that he never seriously intended to go to trial to argue that he was not guilty of the offenses. (Evid. Hrg. Tr. at 24-25.) In addition, he forfeited his claim that his attorney had mis-advised him about his sentencing range. By abandoning his second claim on habeas review, he

effectively has admitted that the representations made in his verified § 2255 motion were fabrications.

Even had he not abandoned the claim, the Court would have found it to be incredible. According to the written notes Woods kept of his discussions with White, he had advised Movant that he likely was facing a sentencing range of 262-327 months, the actual range that was recommended in the presentence report and applied by the Court. (Evid. Hrg. Tr. 38-40, 43.) Moreover, at the sentencing hearing, Movant acknowledged that he had read and discussed the sentencing recommendations with his attorney, and, despite an extensive colloquy with the Court, Movant never hinted that those recommendations were surprising in any way. (Sent. Tr. 12/16/04 at 12-13.)

As a result, both the record evidence and Movant's own abandonment of the claim strongly indicate that the second ground of his verified § 2255 motion was false. The Court finds that Movant's false statements about his purported second ground for relief cast significant doubt upon his credibility with respect to his first ground for relief.

Second, the Court finds persuasive Attorney Woods' testimony concerning his regular practice of filing appeals immediately after sentencing in those cases in which clients indicate their intent to appeal at or before sentencing. The practice is one followed by many attorneys and carries the ring of truth.

Third, Defendant's comments at both the plea and sentencing hearings strongly suggest that he was fully informed about the likely consequences of his conduct and plea

agreement and that he had no unspoken objections to the sentence as imposed.  Indeed,

following a discussion of the sentencing recommendations, Movant expressly represented

to the Court that he was hoping only for a sentence at the lower end of the Guidelines range

as it had been described.  (Sent. Tr. at 13.)  His representation immediately followed his

attorney's request to sentence him at the lower end of the career offender sentence range.

(Sent. Tr. at 12.)  Nothing in that record suggests that Movant would wish to appeal his

sentence.

Further, Movant appears to argue that, in light of the pendency of the *Booker* decision,

no reasonable defendant or attorney would have failed to file an appeal.  In support of his

position, Movant submits the recent case of *Nichols v. United States*, ___ F.3d ___, 2007 WL

2326051 (6th Cir. Aug. 16, 2007).  In *Nichols*, the Sixth Circuit concluded that where

multiple factual findings by the court increased the Guidelines range, counsel was ineffective

in failing to file an appeal.  The *Nichols* court noted that the Supreme Court's decision in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), placed in doubt the continuing viability of the

federal Sentencing Guidelines and that no reasonable attorney would have failed to appeal

to preserve the issue.

The *Nichols* decision, however, does not assist Movant's claim.  The *Nichols* court

expressly distinguished the case from that of *United States v. Burgess*, 142 F. App'x 232 (6th

Cir. 2005), in which the court found that counsel did not perform deficiently by failing to

challenge the use of the Sentencing Guidelines to establish a Guidelines range.  *See Nichols*,

-14-

2007 WL 2326051, at *4 n.2 (citing *Burgess*, 142 F. App'x at 240-41).  In *Burgess*, the

court's finding that counsel's performance was not deficient rested on the fact that the

sentence range was calculated "solely on the basis of the crime to which he pleaded guilty

and his prior convictions, with no additional enhancements."  *Id.* at 240.   The court

continued,

> As we noted in *Burgess*, neither *Apprendi* nor any other pre-*Booker* case
> provided any reason to suspect that the district court erred by sentencing the
> defendant within the Guidelines range under those circumstances, even though
> the defendant ultimately might have been entitled to resentencing pursuant to
> the remedial holding of *Booker* and our subsequent interpretation of that
> holding in *United States v. Barnett*, 398 F.3d 516 (6th Cir.), *cert. dismissed*,
> 545 U.S. 1163 (2005).

*Nichols*, 2007 WL 2326051, at *4 n.2 (citing *Burgess*, 142 F. App'x at 240-41).

Here, as in *Burgess*, the Court made no findings beyond those to which Movant

pleaded guilty and the fact of his prior conviction that increased the range of the sentence.

*Apprendi*, *Blakely* and *Booker* all expressly recognized that findings based on the fact of

prior convictions were not violative of the Sixth Amendment.  *See Booker*, 543 U.S. at 244

("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding

the maximum authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt.") (citing *Apprendi*,

530 U.S. at 489).  Here, Movant pleaded guilty to brandishing a firearm during a crime of

violence and he previously had been convicted of three armed robberies.  The determination

that Movant was a career offender under U.S.S.G. § 4B1.1 required no factual finding

-15-

beyond the plea record and Movant's past convictions.  Consequently, nothing about the *Booker* decision rendered Movant's sentence unconstitutional.  Although Movant might have received the benefit of the remedy constructed in *Booker*, a reasonable attorney would not have believed an appeal was warranted based on the history of *Apprendi* or *Blakely*.

In sum, neither the circumstances of the plea and sentencing nor the reasonableness of an appeal support an inference of attorney error.  When considered with Movant's apparent lack of truthfulness about the second ground for relief, the Court is persuaded that Movant did not direct his attorney to file an appeal, but instead concluded some time after sentencing that he wished to appeal.  As a consequence, Movant fails to demonstrate adequate grounds supporting equitable tolling of the statute of limitations.  *Flores-Ortega*, 528 U.S. at 477.[2] His § 2255 motion, therefore, is time-barred.

## IV.

For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 will be denied.

---

[2]In his post-hearing brief, Movant suggests that Woods testified at the evidentirary hearing that he did not discuss the merits of filing an appeal with Movant.  Movant therefore argues in the alternative that Woods was ineffective for failing to consult with Movant under the circumstances of the case.  *See Flores-Ortega*, 528 U.S. at 480 (lack of consultation is professionally unreasonable only where (1) a rational defendant would want an appeal, or (2) a particular defendant reasonably demonstrated to counsel an interest in appealing).  Movant's alternative argument flies in the face of his own testimony that he had multiple discussions with Woods about appealing and he instructed Woods to file an appeal.  The Court therefore rejects the argument as frivolous.

-16-

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Movant's claims under the *Slack* standard.

This Court denied Movant's application on the procedural grounds that it was barred by the statute of limitations.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Movant's claims on the procedural ground that the petition is barred by the statue of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

-17-

petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the Court

denies Movant a certificate of appealability.

A judgment consistent with this opinion will be entered.


Date:   _August 27, 2007_          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE